# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE R. MARTIN,<br><br>        Plaintiff,<br><br>    v.<br><br>L. M. VASQUEZ, et al.,<br><br>        Defendants.<br>_____ / | Case No. 1:09-cv-01081-OWW-DLB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF BE DENIED WITHOUT PREJUDICE<br><br>(Doc. 5)<br><br>OBJECTIONS, IF ANY, DUE WITHIN 30 DAYS |

    Plaintiff Lance R. Martin ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On July 6, 2009, Plaintiff filed an unnamed motion with the Court.  (Doc. 5.)  Plaintiff accuses several correctional officers of poisoning his food in retaliation for Plaintiff filing civil suits against prison staff.  Plaintiff requests relief from this Court, by either transfer or federal protection.  The Court interprets Plaintiff's motion as a request for preliminary injunction.

    "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008) (citations omitted).

    Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S. Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S. Ct. 752, 757-58 (1982); Jones v. City of

1

Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985).

The correctional officers named in Plaintiff's motion are not parties to this action. The Court lacks jurisdiction to issue an injunction against them because they are not before the Court. Furthermore, Plaintiff has been transferred to another prison, which appears to render Plaintiff's concerns moot. Accordingly, the Court HEREBY RECOMMENDS that Plaintiff's request for injunctive relief, filed on July 6, 2009, should be denied without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 2, 2009**              **/s/ Dennis L. Beck**
                                                          UNITED STATES MAGISTRATE JUDGE