# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE R. MARTIN, Plaintiff, v. L. M. VASQUEZ, et al., Defendants. / | Case No. 1:09-cv-01081-OWW-DLB (PC) ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE (Doc. 1) RESPONSE DUE WITHIN 30 DAYS |

## I. Screening Order

Plaintiff Lance R. Martin ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his original complaint on June 19, 2009. (Doc. 1.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

**II. Summary of Complaint**

Plaintiff was previously incarcerated at Kern Valley State Prison ("KVSP") in Delano, California, where the events giving rise to this action allegedly occurred. Plaintiff names as defendants Vasquez, M.D., and Chen, M.D.

Plaintiff alleges the following. Plaintiff had been injured in 1997 when he was stabbed in the neck. Plaintiff was in pain ever since the injury. An x-ray of Plaintiff's cervix done in 2002 indicated that bone spurs formed, along with scar tissue. Plaintiff faced the possibility of physical paralysis and possible cancer. In late 2006, Plaintiff was under the care of defendant Vasquez. At a previous prison, Plaintiff had received a request from the prior treating physician that Plaintiff should receive cervix traction. Defendant Vasquez examined Plaintiff's medical records and stated that there was no indication of bone spurs. Plaintiff pointed to the prior physician's request and stated that Vasquez was looking right at it. Defendant Vasquez raised his voice at Plaintiff and stated he was no lawyer. Plaintiff interpreted defendant Vasquez's refusal to acknowledge the x-rays showing Plaintiff's injury as retaliation for Plaintiff exercising his constitutional rights in a previous lawsuit. Defendant Vasquez referred Plaintiff for another x-ray after the two already shown in Plaintiff's medical file, and ordered no medical treatment. On January 7, 2007, the new x-ray indicated a mild cervical lipping with no other abnormalities. Defendant Vasquez had falsified this x-ray in order to deny Plaintiff medical treatment.

Plaintiff was moved to another area, where another physician diagnosed Plaintiff's injury as cervical spondylosis. Plaintiff was scheduled to see a neurosurgeon. However, Plaintiff was again placed under defendant Vasquez's supervision, who ordered an MRI. Plaintiff underwent

the MRI on June 20, 2007. The MRI showed normal results. Defendant Vasquez had falsified this MRI to deny Plaintiff treatment.

From July 2007 through December, Plaintiff was starting to have loss of movement in his neck area, and severe neck and back pain combined with headaches. From December through March 2008, Plaintiff was under the care of defendant Chen. Defendant Chen examined Plaintiff multiple times. During one such examination, defendant Chen told Plaintiff that the only injury was in Plaintiff's head. He prescribed psychotropic medication to help Plaintiff sleep. Plaintiff had previously been diagnosed with depression and defendant Chen was discriminating against Plaintiff based on his mental illness. At another examination, Plaintiff showed defendant Chen his health services request form which gave defendant Chen knowledge of Plaintiff's medical needs. Defendant Chen once again told Plaintiff it was a mental health issue.

Plaintiff seeks proper medical diagnostic testing and treatment and money damages.[1]

## III. Discussion

### 1. Eighth Amendment

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second,

---

[1] Plaintiff also requests attorney's fees. Pro se litigants are not entitled to an award of attorney's fees under 42 U.S.C. § 1988. See Friedman v. Arizona, 912 F.2d 328, 333 n.2 (9th Cir. 1990).

the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. Id. at 844-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Id. at 835; Frost, 152 F.3d at 1128.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Based on the allegations, Plaintiff has stated a cognizable Eight Amendment claim against defendant Vasquez. Plaintiff alleges that defendant Vasquez submitted false x-ray and MRI results in order to deny Plaintiff medical treatment.

Plaintiff has not alleged a cognizable Eighth Amendment claim against defendant Chen. Plaintiff has not alleged sufficient facts to indicate that defendant Chen acted with deliberate disregard. Plaintiff at most alleges medical malpractice, which is not sufficient to state a cognizable Eighth Amendment claim.

**2. Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff has alleged a cognizable claim against defendant Vasquez. Plaintiff alleges that defendant Vasquez denied medical treatment in retaliation for Plaintiff filing a civil suit.

## IV. Conclusion and Order

Plaintiff has stated a cognizable Eighth Amendment claim and cognizable retaliation claim against defendant Vasquez. Plaintiff fails to state a cognizable claim against defendant Chen. The Court grants Plaintiff leave to file an amended complaint within thirty days. Plaintiff's request for injunctive relief is denied.

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against defendants listed above Plaintiff may so notify the Court in writing. The Court will then issue an order dismissing defendant Chen from this action, and will forward Plaintiff one summons and one USM-285 form for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (citations omitted).

Plaintiff is further advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," L. R. 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

   a. File a first amended complaint curing the deficiencies identified by the Court in this order, or

   b. Notify the Court in writing that Plaintiff does not wish to file an amended complaint and wishes to proceed only on the claims identified by the Court as viable/cognizable in this order; and

3. If Plaintiff fails to comply with this order, the Court will recommend dismissal of this action for failure to obey a court order.

IT IS SO ORDERED.

**Dated: November 2, 2009** **/s/ Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE