# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE R. MARTIN,<br><br>        Plaintiff,<br><br>    v.<br><br>L. M. VASQUEZ, et al.,<br><br>        Defendants.<br>_____/ | Case No. 1:09-cv-01081-OWW-DLB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF BE DENIED WITHOUT PREJUDICE<br><br>(Doc. 21)<br><br>OBJECTIONS, IF ANY, DUE WITHIN 20 DAYS |

      Plaintiff Lance R. Martin ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On December 11, 2009, Plaintiff filed a motion for preliminary injunction with the Court. (Doc. 21.)

      "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008) (citations omitted).

      Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S. Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S. Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter

1  jurisdiction over the claim; it may not attempt to determine the rights of persons not before the
2  court." Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985).

3        Plaintiff seeks medical care from two physicians at Pleasant Valley State Prison, where
4  Plaintiff currently is incarcerated. These unnamed physicians are not parties to this suit.
5  Plaintiff's suit is only against Defendant Vasquez, a physician at Kern Valley State Prison, where
6  Plaintiff was previously incarcerated. The Court thus lacks jurisdiction to issue an injunction.

7        Accordingly, the Court HEREBY RECOMMENDS that Plaintiff's request for injunctive
8  relief, filed on December 11, 2009, should be denied without prejudice.

9        These Findings and Recommendations will be submitted to the United States District
10 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within
11 **twenty (20) days** after being served with these Findings and Recommendations, plaintiff may
12 file written objections with the court. The document should be captioned "Objections to
13 Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file
14 objections within the specified time may waive the right to appeal the District Court's order.
15 Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

16   IT IS SO ORDERED.

17   **Dated:**   **December 14, 2009**       **/s/ Dennis L. Beck**
                                                           UNITED STATES MAGISTRATE JUDGE